IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF DELAWARE

UNITED STATES OF AMERICA )
                RESPONDANT )
                           )
         V.                )   CASE NO. 94-67 (MMS) KAJ
                           )
LAMARE R. KISER            )
                           )
A/K/A LAMOUR KISER         )
         PETITIONER        )



BRIEF IN SUPPORT OF MOTION
FOR REDUCTION OF SENTENCE
UNDER 18 U.S.C. 3582 (c).

THIS COURT HAS JURISDICTION
PURSUANT TO 18 U.S.C.3582 (c)

TABLE OF CONTENTS

JURISDICTION............................................ i

STATEMENT OF THE CASE..................................ii

ISSUES PRESENTED......................................iii

CASES CITED............................................iv

ISSUE 1................................................1

ISSUE 2................................................5

APPENDIX

CERTIFICATE OF SERVICE

## STATEMENT OF THE CASE

On September 8, 1994, petitioner Lamare R. Kiser alledgedly operated a vehicle with a passenger, Anthony Jones. Petitoner alledgedly drove Jones to a Wal-mart located in the Milford Delaware area, where Jones alledgedly sold $275 worth of a controlled substance to an undercover Delaware State Police Officer. On October 6, 1994, petitioner and Jones alledgedly sold same undercover officer $2,750 worth of a controlled substance.

On November 16, 1994, petitioner and Jones were observed sitting in an automobile, alledgedly preparing to do a drug deal. Arresting officers approached the vehicle occupied by petitioner and Jones. Petitioner alledgedly threw three bags, each alledgedly containing a controlled substance, under the vehicle in which he was occupying. Subsequently, arresting officers retrieved the bags and placed petitioner and Jones under arrest. Petitioner was thereafter indicted by a grand jury sitting in the District of Delaware, charging petitioner with violations of drug laws of the United States. Of Four Counts upon which he was indicted, he was found not guilty of Count 1 of the superseeding indictment and guilty of the remaining counts.

In April 1995, petitioner was sentenced to a term of 188 months with five years supervised release. A timely appeal was taken. The conviction was affirmed. This is the fourth application in this matter.

ISSUES PRESENTED

ISSUE 1.  WHETHER PETITIONERS SENTENCE COMPORTS WITH STATED GOALS SET OUT IN SENTENCING GUIDELINES SECTION 3553(a),"the need to avoid unwarranted sentencing disparity".

ISSUE 2.  WHETHER PETITIONERS' EFFORTS AT POST-OFFENSE REHABILITATION IS ENOUGH IN ASKING THE COURT FOR A SENTENCE REDUCTION.

iii

U.S.v. DAVIS 929 F3d. 930 (3rd Cir 1990).                                pg. 2,4

U.S.v. SHOUPE 929 F2d. 116, 35 F3d. 835                                  pg. 2,4

U.S.v. EISELT 988 F2d. 677 (7th Cir)                                     pg. 2

U.S.v. GARDNER C.A.10 (OKLA)1990, 905 F2d                                pg. 2

U.S.v. RHODES, ____ F3d. ____ (D.C. Cir. June 19, 1998
No. 97-3131,                                                             pg. 5

U.S.v. SALLY 116 F3d. at 80 (3rd Cir 1997)                               pg. 5

U.S.v. BOOKER 125 S.Ct. 738, Jan. 12, 2005                               pg. 4,

Comes now petitioner Lamare R. Kiser and respectfully asks that the court reduce the sentenced imposed pursuant to the U.S. Supreme Court's ruling in U.S. v. Booker which declared the U.S. Sentencing Guidelines advisory and no longer mandatory.

Section 3582 (c) gives the court discretion to reduce a sentence whenever a guideline range has been subsequently lowered by the Sentencing Commision. Since Booker has struck down the "mandatory" application of the guidelines, all of the guidelines have been subsequently lowered by virtue of the Booker decision.

Section 3553 (b)'s requirement that the judge only consider the Sentencing Guidelines, Policy Statements and official commentary of the Sentencing Commision, was eliminated by Booker.

Sectoin 3582 (c) (2) allows petitioner to request a reduction in his sentence on the ground that Booker lowered his guideline range by allowing the judge to impose a lower sentence without regard to the now "advisory" guideline range. By invoking Section 3582 (c) (2), petitioner avoids the retroactivity "trap" laid in Schiro v. Summerlin. Section 3582 (c)(2) does not trigger the habeus provisions of the Anti Terrorism and Effective Death Penalty Act or retroactyivity trap.

Petitioner Lamare R. Kiser was convicted on February 2nd 1995 and recieved a guideline range of 151-188 months imprisonment. Pursuant to the PSI report, petitioner has abase offense level of 32 with a Criminal History of Category of III. petitioner would be sentenced to 188 months, the high end of sentencing range due to his prior Criminal History. Petitioner was convicted of the following:

>   DELIVERY OF COCAINE BASE
>   21 USC 841 (a)(1) and (b)(1)(A)
>
>   POSSESSION WITH INTENT TO
>   DISTIBUTE COCAINE BASE 21 USC
>   841 (a)(1) and (b)(1)(a)
>
>   CONSPIRACY TO DISTRIBUTE
>   COCAINE BASE 21 USC 846

### ARGUMENT

> WHETHER PETITIONERS SENTENCE
> COMPORTS WITH STATED GOALS SET
> OUT IN SENTENCING GUIDELINES
> SECTION 3553 (a), "the need to
> avoid unwarranted sentencing
> disparity."

Petitioner Lamare R. Kiser claims that his sentence is not in compliance with stated goals set out in Section 3553(a)

1

"the need to avoid unwarranted sentencing disparity." Petitioner bases his argument on the fact that there has been several cases in the 3rd Curcuit and other Curcuits where defendants had more "serious prior criminal histories" and recieved the low end of their respective guideline ranges. See U.S. DAVIS 929 F3d 930 (3rd Ciir. 1990). U.S. v. SHOUPE 929 F2d. 116, 35 F3d. 835. U.S. v. EISELT 988 F2d. 677 (7th Cir). Even as with career criminals, many of those defendants recieve the low end of their guideline ranges. U.S. v. GARDNER C.A. 10 (OKLA) 1990, 905 F2d. Whereas, petitioner in the instant case received the high end of the guideline range for prior offenses which is not as serious as other defendants

Petitioners "prior offense" are as follows. See PSI.

>            DELIVERY OF COCAINE age 16
>                    THEFT
>
>            CARRY CONCEALED DANGEROUS    age 18
>            INSTRUMENT
>            NO PROOF OF INSURANCE
>
>            NO PROOF OF INSURANCE age 20
>            FAILURE TO CARRY A LISCENCE
>
>            OFFENSIVE TOUCHING age 20

In justifying the high end sentence and basing it's decision on petitioners "prior offenses", the court failed to consider whether the "prior offenses" amounted to a level of seriousness which would justify a high end sentence. Especially

2

the offenses of "NO PROOF OF INSURANCE", "FAILURE TO CARRY A LISCENSE", "NO PROOF OF INSURANCE", respectively.

Although it is within the court's discretion to sentence a defendant within a particular sentencing range, these are not the type of prior offenses the court should have relied upon in order to justify sentencing petitioner at the high end of the sentencing range.

Petitioner submits that, the court pointed to no particular facts in order to justify the high end sentence. And instead, relied once again on petitioner's past criminal history which already punished him by arriving at the 151-188 month sentencing range, up from the ten year minimum mandatory sentence he would have recieved had petitioner had no prior criminal history at all. Petitioner states that, if there were indeed any factors surrounding the instant offense of conviction, then the high end sentence may have been justifiable.

As stated above, petitioner's criminal history score had already punished him. Had the aforementioned offenses been "serious offenses", the high end sentence would have been justifiable, as stated before. And since they are not, it creates an "unwarranted snetencing disparity" compared with that of a defendant who would have more "serious prior offenses" and recieved less time or the low end of the guideline range, while a defendant with "less serious prior offenses" is sentenced to the high end of the guideline range. This creates an "unwarranted sentencing disparity" that the Sentencing Guidelines clearly did not intend, as such has happened in the instant case.

3

In it's "Statement of Reasons", the court stated the following:

> "Defendant's continuous involvement with authorities from age sixteen to date, for various offenses, pursuades the court that the longest period of incarceration will best protect society".

See Statment of reasons, att.

By the court basing it's decision on petitioner's prior criminal history is a "double lick".

Petitioner states that the high end sentence imposed does not warrant such a sentence in order to protect society from "driving without a liscese" by petitioner, or "failure to carry a liscense" as well as "no proof of insurance". These offenses are not serious. And such a "justification" or "reason" should be reserved for defendant's with more "serious prior offenses" and not in such a case as one in which petitioner submits before the court. In DAVIS, the defendant had a total of nine "serious prior convictions", with a base offense level of thirty, with a criminal history category of IV. His sentencing range was 135-168 months. Unlike petitioner in the instant case, DAVIS recieved the minimum sentence within that range, 135 months. In SHOUPE, the defendant also recieved the low end of the guideline range and had more "serious prior convictions" than petitioner.

Petitioner respectfully asks that the court modify the sentence under it's newfound discretion under U.S.v.BOOKER and sentence him to the low end of the guideline range, 151 months.

4

## WHETHER PETITIONERS EFFORTS AT POST OFFENSE REHABILITATION IS ENOUGH IN ASKING THE COURT FOR A SENTENCE REDUCTION.

In further support of his motion asking for a reduction of his sentence, petitioner submits to the court that, the achievements in which he recieved during his period of incarceration are significant and "exceptional". Petitioner fully understands that he is at the mercy of the court. The determination of whether petitioners work, education and other rehabilitation activities exceeded to an "exceptional degree" is a question for the district court, U.S.v.RHODES, ___F3d.___ (D.C. Cir. June 19, 1998) No. 97-3131, the RHODES court agreeing with the 3rd Curcuit. In U.S.v.Sally 116 F3d. at 80(3rd Cir 1997), the defendant was granted a reduction in his sentence for his post offense rehabilitation efforts. Since petitioner in the instant case has shown a desire to rehabilitate, based upon his participation and completion of the DRUG EDUCATION PROGRAM held at the institution in which he is currently housed, petitioner respectfully asks that the court grant him a reduction in his sentence. Petitioner participated in the DRUG EDUCATION PROGRAM because he felt there was and is a need for change in his life and petitioner is sincere about the change that this program has brought to him. Being young and naive at the age of

twenty one, which petitioner was at the time of his sentencing, he felt he had no direction in his young life, which many young males feel at such an age. Being nearly thirty three years of age, February 16, 2006, petitioner no longer has the desire to resort to a life of illegal activity. The DRUG EDUCATION PROGRAM has had a profound impact on petitioners life, in learning the stark realities and impact which illegal substances have on families and society as a whole. In gaining knowledge from this program, petitioner intends to use that knowledge in teaching children that life is much more precious than destroying their life as well as the lives of others through prohibited illegal activity.

    Also, in further support of his petition for a reduction of sentence, petitioner has participated in and completed what's called the E-CODE PROGRAM held at the institution. Without this achievement or his desire to change, the propensity to commit further offenses would continue to be a part of his lifestyle. This program has taught petitioner to take advantage of the various opportunities offered whether in prison or society, if it's for sole purpose of betterment of self. Since petitioner has shown and demonstrated a desire for change, the propensity to commit further crimes does not exist. At this time, petitioner has been recently employed in the Federal Prison Industries where he recieves good work reports and is looking to save funds toward his current release date. Petitioner is also in the process of contacting potential employers through his work supervisor and "Unit Team". Upon release, petitioner plans to

relocate to the District of Ohio where he plans to live and marry his fiance. Further, petitioner intends to seek further rehabilitation upon release by asking the U.S. Probation Officer to enroll him in other rehabilitative programs. Petitioner has a strong will and desire to rehabilitate, and taking his various achievements into account, those efforts are sincere.

## RELIEF REQUESTED

Petitioner respectfully asks that this Honorable Court reduce the sentence imposed upon him du to the fact that his prior offenses are not "serious" as other defendants, who have more "serious prior offenses" and were sentenced to the low end of their respective guideline ranges. Also, Petitioner asks that the court simply reduce the sentence imposed from 188 months to 151 months. Petitioner further asks that the court modify or reduce his sentence based upon his "exceptional" efforts at rehabilitaion.

*Lamare R. Kiser*
Lamare R. Kiser
pro-se

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Lamare R. Kiser, hereby cerify under penalty of purjury, that on __12/22__ 2005, I served the foregoing:

> BRIEF IN SUPPORT OF MOTION
> FOR REDUCTION OF SENTENCE
> UNDER 18 U.S.C. 3582 (c)

by causing (1) copy of said document to be mailed to the following adress:

United States Attorney's Office
District of Delaware
1201 Market Street Suite 1100
P.O. Box 2046
Wilmington, Delaware 19899-2046

_Lamare R. Kiser_
Lamare R. Kiser

AO 245 B (7/93) Sheet 6—Statement of Reasons

DEFENDANT: Lamare R. Kiser, a/k/a Lamour Kiser
CASE NUMBER: 1:94CR000067-002

Judgment—Page 6 of 6

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary).

**Guideline Range Determined by the Court:**

Total Offense Level: __32__

Criminal History Category: __III__

Imprisonment Range: __151__ to __188__ months

Supervised Release Range: __3__ to __5__ years, however, 21 USC 841(a)(1) & (b)(1)(A) require a minimum 5 year term of supervised release

Fine Range: $ __20,000.00__ to $ __12,000,000__.00

   ☒ Fine waived or below the guideline range because of inability to pay.

Restitution: $

   ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

   Defendant's continuous involvement with authorities from age 16 to date, for various offenses, persuades the court that the longest period of incarceration permissible will best protect society.

OR

☐ The sentence departs from the guideline range.

   ☐ upon motion of the government, as a result of defendant's substantial assistance.

   ☐ for the following reason(s):

17

REC'D MAY - 8 1995

AO 245 B (7/93) Sheet 1 — Judgment in a Criminal Case

# United States District Court

FOR THE _____ District of ___DELAWARE___

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Lamare R. Kiser, a/k/a Lamour Kiser | Case Number: 1:94CR000067-002 |
| | James A. Natalie, Jr., Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which (was) (were) accepted by the court.

☒ was found guilty on count(s) RS2, RS3, and RS4 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 USC 841(a)(1) and (b)(1)(A) | distribution of cocaine | 10/06/94 | RS2 |
| 21 USC 841(a)(1) & (b)(1)(A) | possession with intent to distribute cocaine | 11/16/94 | RS3 |
| 21 USC 846 | conspiracy to distribute cocaine | 09/08/94 | RS4 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s) __RS1__

☐ Count(s) _____ (is) (are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. NO FINE OR RESTITUTION IMPOSED.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 02/16/1973

Defendant's USM No.: 03640-015

Defendant's Mailing Address:
202 Market Street
Frederica, DE 19946

04/24/1995
Date of Imposition of Judgment

*signature*
Signature of Judicial Officer

MURRAY M. SCHWARTZ
SENIOR U.S. DISTRICT JUDGE
Name & Title of Judicial Officer

05/04/1995
Date

Defendant's Residence Address:

judg. card filed 05/05/95 - dms

# This is to certify that:

## LAMARE KISER

### has participated in:

**PROCESS GROUP**

**MARCH 6, 2005**

_A. Kastner_
A. Kastner, E-CODE Treatment Specialist

_M. Patterson_
M. Patterson, PH. D, E-CODE Coordinator

**USP-MARION**
U.S. Department of Justice
Federal Bureau of Prisons

# Certificate of Completion
## E-CODE Program



E-CODE
A Pyramid of Knowledge and Awareness

*This certifies that*

**Lamare Kiser**
Reg. No. 03640-015

*has successfully completed the requirements for the Enhanced Challenge, Opportunity, Discipline, and Ethics Program.*

United States Penitentiary
Marion, Illinois
May 31, 2005

_____
M. Patterson, Ph. D., Program Coordinator

_____
R. Edmister, MSW, E-CODE Treatment Specialist

# Certificate of Achievement

awarded to:

## Lamare Kiser
Reg. No. 03640-015

for successfully completing the

## Drug Education Program

United States Penitentiary, Marion, Illinois

March 8, 2005



M. Patterson
M. Patterson, Ph.D.
Drug Abuse Program Coordinator



Cindy Behle
Cindy Behle, M.S.
Drug Treatment Specialist

LAMARE R. KISER 03640-015
P.O. BOX 1000
U.S. PENITENTIARY
MARION, IL. 62959

CERTIFIED MAIL
7004 2510 0002 6335 9080

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 KING STREET
LOCKBOX 18
WILMINGTON, DE. 19801

U.S.M.S. X-RAY

"LEGAL MAIL"