IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 94-67-KAJ |
| | ) | |
| LAMARE R. KISER, | ) | |
| a/k/a  Lamour Kiser, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTION TO REDUCTION OF SENTENCE

On January 4, 2006, the Defendant filed a "Brief in Support of Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)." He states that he was sentenced to 188 months imprisonment in April 1995. He now asks for a reduction of sentence premised on the authority of *United States v. Booker*, 125 S.Ct. 738 (2005), and 18 U.S.C. §3582(c).

Section 3582(c), however, does not give this Court jurisdiction to lower his sentence. In relevant part, section 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
>     (A) the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>         (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment *to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure*; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered *by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* (italics added).

The Defendant's Motion seeks to rely upon subsection (c)(2). It obviously could not rely upon subsection (c)(1)(A), which requires a motion by the Director of the Bureau of Prisons, *see United States v. Coley*, 2005 WL 1107375, *1 (D.Del.2005), and it could not rely upon subsection (c)(1)(B), *see United States v. Green*, 405 F.3d 1180 (10th Cir. 2005). The Defendant's Motion's reliance upon subsection (c)(2) is also misplaced, as that requires action by the Sentencing Commission as a predicate for a sentence reduction. *Booker* was not decided by the Sentencing Commission; rather, it was decided by the Supreme Court. Thus, *Booker* provides no basis for seeking relief under section 3582(c)(2). *See United States v. Hall*, 2005 WL 1176049 (E.D. Pa. 2005); *see United States v. Shaw*, 30 F.3d 26, 29 (5th Cir.1994) (noting that § 3582(c)(2) only applies to retroactive guideline

amendments); *cf. United States v. McBride*, 283 F.3d 612, 615-16 (3d Cir.2002) (no *Apprendi*-premised § 3582(c)(2) relief).

The Defendant also argues separately that his "post-offense rehabilitation" should enable him to obtain a sentence reduction. There is no basis in the statute for doing this, however. *See United States v. Coley, supra*, at *2.

The Defendant's motion should be dismissed for lack of jurisdiction, or, in the alternative, denied.

                                  COLM F. CONNOLLY
                                  United States Attorney

                    By: /s/ Richard G. Andrews
                                  Richard G. Andrews
                                  First Assistant United States Attorney

Dated: 1/5/06

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 94-67-KAJ |
| ) | |
| LAMARE R. KISER, ) | |
| *a/k/a  Lamour Kiser,* ) | |
| ) | |
| Defendant. ) | |

I, Sharon L. Bernardo, an employee in the Office of the United States Attorney, hereby certify under penalty of perjury that on January 5, 2006, I served the foregoing:

**OBJECTION TO REDUCTION OF SENTENCE**

by causing two copies of said document to be placed in a postage prepaid envelope, placed in the United States Mail, and addressed to defendant, pro se, as follows:

> Lamare R. Kiser
> Reg. No. 03640-015
> USP Marion
> Satellite Camp
> P.O. Box 1000
> Marion, IL 62959

*/s/ Sharon L. Bernardo*